Steven D. **FLICK**, Plaintiff,

v.

**GENERAL HOST CORPORATION**
d/b/a Milk Specialties, Defendant.

**No. 83 C 3308.**

United States District Court,
N.D. Illinois, E.D.

Nov. 2, 1983.

Harold C. McKenney, Kim M. Irvine, Holstrom & Greene, P.C., Crystal Lake, Ill., for plaintiff.

Arthur B. Smith, Jr., Robert P. Casey, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Steven Flick ("Flick") sued General Host Corporation d/b/a Milk Specialties ("General Host") in the Circuit Court of McHenry County, Illinois on a retaliatory discharge claim.[1] General Host removed that action to this Court on the basis of diversity jurisdiction. It now moves to dismiss under Fed.R.Civ.P. ("Rule") 12(b)(1) for lack of subject matter jurisdiction, asserting Flick's cause of action is preempted by the National Labor Relations Act (the "Act"), 29 U.S.C. §§ 151 *et seq.*, and thus is within

---

**1.** Illinois first recognized the tort of retaliatory discharge for at-will employees in *Kelsay v. Motorola, Inc.*, 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1979). Despite the newness of the doctrine in this jurisdiction, it has undergone a rapid (and not entirely consistent) evolution.

See Platt, *Toward a Proper View of the Retaliatory Discharge Tort,* 72 Ill.B.J. 20 (1983). Because the current motion is addressed only to the question of federal preemption, this Court has no occasion to treat the substantive scope of the tort claim.

the exclusive primary jurisdiction of the National Labor Relations Board ("NLRB"). For the reasons stated in this memorandum opinion and order, the motion is denied.

### Facts [2]

Flick was hired by General Host September 23, 1982 under an oral contract of employment. On November 15, 1982 Flick was injured while lifting a bag of feed during the course of his employment. Throughout the period (over two months) Flick was unable to work, General Host or its insurer paid his hospital and medical expenses, and General Host paid Flick temporary total disability wages.

Beginning February 2, 1983 Flick returned to work on light duty assignments and was subjected to continuous harassment. On February 4 Flick's attorneys notified General Host Flick had filed a worker's compensation claim. When on February 8 Flick reminded his supervisor about a doctor's appointment scheduled that day, Flick was fired solely because of his having filed for worker's compensation.

Flick has been unable to find employment since his discharge and has sustained actual damages in excess of $15,000. Flick also requests $100,000 in punitive damages.

### NLRB Preemption Vel Non

General Host argues Flick's cause of action is preempted by NLRB's exclusive primary jurisdiction over activities protected for employees by Act § 7, 29 U.S.C. § 157 ("Section 7"), or prohibited to employers by Act § 8, 29 U.S.C. § 158 ("Section 8"). More specifically, General Host contends filing a worker's compensation claim is a protected "concerted activity" under Section 7,[3] so that discharging an employee for filing such a claim is an unfair labor practice prohibited by Section 8(a)(1).[4]

■ If General Host is correct, Flick must instead present his claim to NLRB under the preemption principle initially stated in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–45, 79 S.Ct. 773, 779–80, 3 L.Ed.2d 775 (1959) and reaffirmed only last Term in *Local 926, International Union of Operating Engineers v. Jones*, —— U.S. ——, 103 S.Ct. 1453, 1458–59, 75 L.Ed.2d 368 (1983). That principle requires this Court to determine whether the conduct at issue here is "actually or arguably protected [under Section 7] or prohibited [by Section 8 of] the NLRA." *Jones*, 103 S.Ct. at 1458.

At least one NLRB decision[5] supports General Host, for NLRB held in *Krispy Kreme Doughnut Corp.*, 245 N.L.R.B. 1053, 1061 (1979) that one employee's filing of a worker's compensation claim is concerted activity because such a claim involves "matters of common interest to oth-

---

**2.** As always on this type of a Rule 12 motion to dismiss, the Complaint's well-pleaded allegations are taken as true, with all reasonable inferences drawn in favor of the plaintiff. *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir.1977).

**3.** That section reads:
Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title.

**4.** That section provides:

(a) It shall be an unfair labor practice for an employer—
(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title. . . .

**5.** Other NLRB decisions cited by General Host inferentially support the Board's *Krispy Kreme* analysis but are all decided on other grounds. In *Bay State Gas Co.*, 255 N.L.R.B. 708 (1981) and *E.I. DuPont de Nemours & Co.*, 257 N.L.R.B. 139 (1981) the unfair labor practice charges were dismissed because of no showing the employee was fired because of filing the compensation claim. In *Green Country Casting Corp.*, 262 N.L.R.B. 66 (1982) more than one employee was involved in filing the claims. Finally in *Ohio Brass Co.*, 261 N.L.R.B. 137 (1982) an employer was held entitled (because of the employer's legitimate and substantial business reasons) to inquire about past filings of such claims, even if such filing was protected activity under the Act.

**1088**

er employees"—this on the theory other employees might be faced with a similar situation in the future. However, the Fourth Circuit rejected NLRB's over-expansive definition of concerted activity [6] and denied enforcement of that order. *Krispy Kreme Doughnut Corp. v. NLRB,* 635 F.2d 304, 309 (4th Cir.1980). Indeed the only other Court of Appeals to have dealt with the issue (this time in the direct context of a retaliatory discharge action) has also rejected the NLRB preemption argument after a detailed consideration of the entire subject. *Peabody Galion v. Dollar,* 666 F.2d 1309, 1316–19 (10th Cir.1981).

■ Because our own Court of Appeals has not yet faced the issue,[7] this Court must decide whether Flick's filing of his worker's compensation claim is "actually or arguably" concerted activity and thus "actually or arguably" protected by Section 7. Although some deference may be given an agency's interpretation of the statute it is charged with administering, agency interpretations of law are generally subject to de novo review by the courts. *Brown v. United States Department of Interior,* 679 F.2d 747, 749 (8th Cir.1982); *First National Bank in Sioux Falls v. National Bank of South Dakota,* 667 F.2d 708, 711 (8th Cir.1981). This Court is clearly not bound by the NLRB construction of the term "concerted activities" in *Krispy Kreme*—especially when that construction has met with uniform (albeit limited) judicial disapproval.

■ Our Court of Appeals has consistently taken a narrower (and more literal) view of "concerted activity" than the strained version articulated by NLRB in *Krispy Kreme.* As recently put in *NLRB v. Town & Country LP Gas Service Co.,* 687 F.2d 187, 191 (7th Cir.1982), quoting language used in two of the same Court's earlier decisions:

> [I]n order to prove a concerted activity under Section 7 of the Act, it is necessary to demonstrate that the activity was for the purpose of inducing or preparing for group action to correct a grievance or a complaint.

Indeed the Fourth Circuit (*Krispy Kreme,* 635 F.2d at 307) relied on precisely that definition and on the very same two earlier Seventh Circuit decisions in refusing to enforce NLRB's order. Under our Court of Appeals' concept "concerted activity" requires some "group" action, or at the very least some contemplation of group action (*id.*).[8]

There is not the slightest hint here (1) Flick was engaged in any group activity or (2) his compensation claim was filed for any reason other than his own personal benefit. Flick was not even *contemplating* any group action to improve working conditions, nor was he attempting to enforce any rights under a collective bargaining agreement. See *Town & Country LP Gas Service,* 687 F.2d at 191.

Thus a common front is presented by the Fourth Circuit's cogent analysis in *Krispy Kreme,* the Tenth Circuit's considered decision in *Peabody Galion,*[9] our own Court of Appeals' definition of "concerted activity" and Section 7's own emphasis on collective

---

**6.** As so often happens when we become involved in legal fictions, it is all too easy to lose sight of the *language* we should be construing. NLRB's extended doctrine effectively reads "concerted" out of the Act, giving it no sensible meaning at all. And it must be remembered Section 7 is really jurisdictional in nature.

**7.** One Seventh Circuit case has cited the Fourth Circuit's *Krispy Kreme* decision approvingly in dictum. *Graf v. Elgin, Joliet and Eastern Ry. Co.,* 697 F.2d 771, 775 (7th Cir.1983).

**8.** Where a collective bargaining agreement is involved, some but not all courts have followed the doctrine of "constructive concerted activity" when a single employee attempts to implement

provisions of the agreement—this on the notion such attempts are merely an extension of the concerted activity that brought about the collective bargaining agreement itself. See discussion in *Krispy Kreme,* 635 F.2d at 308–09. That is not at all the situation here, so this Court need not deal with the split of authority.

**9.** General Host attacks *Peabody Galion* as both uninformed and distinguishable from this case (R.Mem. 6–8). It is unnecessary to parse General Host's analysis for flaws; in any case General Host cannot blink the 2–0 score against it in the Courts of Appeals.

activity. This Court therefore holds one at-will employee filing a worker's compensation claim is not even arguably engaging in protected concerted activity under Section 7, at least without a showing of some contemplation of group action.

## Conclusion

Flick's cause of action is not preempted by NLRB's exclusive primary jurisdiction. General Host's Rule 12(b)(1) motion to dismiss is denied, and it is ordered to answer the Complaint on or before November 10, 1983. This action is set for a status report December 14, 1983 at 9:15 a.m.